UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAYLA HOLLIE, INDIVIDUALLY AND AS PARENT OF J.K. (DECEASED MINOR), *Plaintiff,* | § § § § | |
| v. | § § | CIVIL ACTION NO. 4:25-CV-4959 |
| ELANDIS SERVICES, INC., ET AL., *Defendants.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the Court on Intervenors' Motion for Leave to Amend and to Remand, which has been fully briefed.[1]   ECF 11; ECF 19; ECF 26.   Having considered the parties' submissions and the law, the Court recommends that Intervenor be granted leave to amend to add a non-diverse Defendant and this case be remanded to the Texas state court from which it was removed.

### I.     Background

Plaintiff Kayla Hollie initiated this case in state court less than 30 days after her child tragically drowned in an apartment complex swimming pool in Houston. ECF 10-1.   Plaintiff sued Elandis Services, LLC, the alleged owner and/or operator of the apartment complex, and John Doe Company, the alleged pool and fence

---

[1] The District Judge has referred this matter for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and the Cost and Delay Reduction Plan under the Civil Justice Reform Act.   ECF 36.

maintenance provider.  *Id*. ¶¶5, 17.   After K.F.'s biological father was named as Dependent Administrator of the Estate of K.F. Deceased, he promptly filed a Plea in Intervention and Joinder of Claims.  ECF 10-4.  Elandis removed the case to federal court on October 17, 2025 (ECF 1) and filed an Amended Notice of Removal on November 10, 2025 to clarify its allegations of diversity jurisdiction.  ECF 10.

Intervenor filed a First Amended Intervention Complaint upon learning that Hudson Apts. LLC is the owner of the complex and Elandis is the operator/manager ECF 4 at 2.  In late October 2025, Intervenor discovered through Houston Health Department Records that Amarilis Massa was the property manager at the complex at the time of K.F.'s death.  ECF 11-2, ¶8.  He now seeks leave to file a Second Amended Intervention Complaint to add Massa as a Defendant.  Because Massa is a Texas citizen for purposes of diversity jurisdiction, Intervenor also moves to remand this case to state court.

## II.    Analysis

### A. Legal Standards

When a plaintiff seeks to join a non-diverse defendant after removal, a district court must (1) deny joinder, or (2) permit joinder and remand the action to state court. 28 U.S.C. § 1447(e).  Courts scrutinize a motion for leave to amend in such a case "more closely than an ordinary amendment."  *Mooring v. Wal-Mart Transportation, LLC*, No. CV H-25-4852, 2026 WL 821199, at *2 (S.D. Tex. Mar. 25, 2026)

(citations omitted).  The Fifth Circuit has instructed district courts faced with a motion to join a non-diverse defendant to consider "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities."  *Id.* (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).  The court's analysis "does not hinge on a 'rigid distinction of whether the proposed added party is an indispensable or permissive party.'"  *Kopczynski v. Wal-Mart Stores Texas, LP*, No. CIV.A. H-10-4507, 2011 WL 902237, at *2 (S.D. Tex. Mar. 14, 2011) (citing *Gallegos v. Safeco Ins. Co. of Ind.*, No. H–09–2777, 2009 WL 4730570, at *2 (S.D.Tex. Dec. 7, 2009) (quoting *Hensgens*, 833 F.2d at 1182)).

### B. Application of the *Hensgens* Factors

### 1. Is Intervenor's purpose to destroy federal jurisdiction?

Courts consider the first *Hensgens* factor to be the most important.  *Mooring*, 2026 WL 821199, at *2.  One indication that the purpose of the amendment is to destroy jurisdiction is if the party seeking joinder "knew or should have known the identity of the nondiverse defendant when the state court complaint was filed."  *Randolph v. Avis Budget Car Rental, LLC*, No. CV H-17-3638, 2018 WL 1932656, at *1 (S.D. Tex. Apr. 23, 2018).  Another key consideration is whether the plaintiff can state a viable claim against the potential non-diverse defendant.  *See Agyei v.*

*Endurance Power Prods., Inc.*, 198 F. Supp. 3d 764, 771 (S.D. Tex. 2016) (stating that "[c]ourts recognize that 'when a plaintiff states a valid claim against a defendant, it is unlikely that the primary purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction'" (citations omitted)).

Here, the Court credits Intervenor's representation that he did not know the identity of the property manager with control over the pool, or even if there was one beyond the "John Doe Company" Plaintiff named in her initial Petition, at the time of filing his prior pleadings. ECF 11-2. Thus, the key issue for purposes of the first *Hensgens* factor is whether Intervenor can state a valid claim against Massa.

The seminal Texas case addressing an employee's individual liability for an act committed in the scope of employment is *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). *Leitch* involved a workplace injury claim brought by an employee against his employer and two corporate officers. *Id.* at 116. The Texas Supreme Court held:

> A corporate officer or agent can be liable to others, including other company employees, for his or her own negligence. However, ***individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty.*** For example, an agent whose negligence causes an auto accident may be held individually liable along with his or her employer when driving in the course and scope of employment. Because the agent owes a duty of reasonable care to the general public regardless of whether the auto accident occurs while driving for the employer, individual liability may attach.

*Id.* at 117 (all internal citations omitted; emphasis added). *Lietch* bars a negligence

action by an injured employee against a co-worker because the employer has a non-delegable duty to provide a safe work environment and a co-worker has no such duty. *Id.*; *see Ruiz v. Rosendin Elec., Inc.*, No. 4:23-CV-2370, 2023 WL 8788775, at *3 (S.D. Tex. Dec. 18, 2023) (recognizing some exceptions to *Leitch* and holding that "*Leitch* still stands for the proposition that an employee may not be held individually liable where they negligently injure a fellow employee on the job"). The Texas Supreme Court expanded *Leitch* to the premises liability context in *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). *See Suarez v. Royal Coach FMHC, LLC,* No. 4:25-CV-00905, 2025 WL 2723279, at *3 (S.D. Tex. Sept. 9, 2025), *report and recommendation adopted*, No. 4:25-CV-905, 2025 WL 2721825 (S.D. Tex. Sept. 24, 2025) (holding that the *Leitch* "limitation applies equally to premises liability claims," citing *Tri*, 162 S.W.3d at 562).

District courts in the Fifth Circuit have interpreted *Leitch*'s requirement—that a violation of an independent legal duty exist before individual liability can be imposed on an employee—to have some limitations. For example, district courts "have interpreted *Leitch* to mean that an employee may be held individually liable where they are negligent in providing services to the general public." *Ruiz* 2023 WL 8788775, at *3 (citing cases). District courts have also held that *Leitch* does not alter the long-standing law in Texas that an employee may be individually liable if the employee was directly involved in the negligence that caused plaintiff's injury. *See*

*Curry v. Lubrizol Corp.*, No. 4:22-CV-03735, 2022 WL 17811395, at *3 (S.D. Tex. Dec. 19, 2022) (citing cases).  While the existence of a duty is generally a legal question, allegations regarding an employee's direct involvement may give rise to a fact issue as to the existence of an independent duty.  *Id.*

In this case, Intervenor alleges that K.F. accessed the pool through an unsecured gate and drowned on or about July 25, 2025.  ECF 11-1 ¶¶21-22. Intervenor alleges that Defendants, including Massa, were negligent in failing to secure the pool area, failing to prevent after-hours entry to the pool area, failing to inspect and repair barriers such as gates, failing to maintain adequate lighting, surveillance, and monitoring, failing to post and secure warning signs, failing to provide lifesaving equipment, failing to train and supervise employees, and "otherwise failing to act as a person of ordinary prudence would under the same or similar circumstances."  *Id*. ¶28.   Intervenor also alleges that Defendants are guilty of negligence per se because their failures violate "statutes, regulations, and ordinances governing public or multifamily swimming pools and pool enclosures," designed to protect people such a K.F.  *Id.* ¶¶30-31.

One such ordinance identified by Intervenor is Chapter 43 of Houston City Ordinances governing Pool and Spa Safety.  Chapter 43 imposes duties on a facility "operator," which is defined in Sec. 43-2 to include "the owner of the property upon which an aquatic structure is located, or any business manager, complex manager,

manager of a property owners association, rental agent or other individual who is in charge of the day-to-day operation or maintenance of an aquatic structure or the property on which it is located." ECF 26-1. Further, Intervenor has submitted evidence that before the incident Massa "had personally received notice that the pool's perimeter barrier did not comply with applicable Houston ordinances because, inter alia, the gate was not self-closing and self-latching." ECF 11 at 6. Intervenor does not allege whether Massa notified Elandis or Hudson about the ordinance violation.

Based on the above facts and the interpretations of *Leitch* by district courts in the Fifth Circuit, the Court finds that the first *Hensgens* factor weighs in favor of granting leave to amend.

### 2. Has Intervenor been dilatory?

Intervenor joined this litigation in haste only a few months after K.F. died because Plaintiff, K.F.'s mother, instituted the action quickly, before Intervenor was named as executor of the estate of K.F. and before he had time to investigate the case fully. Intervenor discovered Massa's identity sometime after October 14, 2025, and filed the instant Motion on November 10, 2025. The lapse of time between Intervenor's filing in state court and his request to amend—about one month—and between Defendants' removal and the request—about 3 weeks—does not support of finding that Intervenor was dilatory. *Lowe v. Singh*, No. CIV.A. H-10-1811, 2010

WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010) (periods of 6 months between filing and leave to amend and 30 days between removal and leave to amend were not dilatory). The Court finds that the second *Hensgens* factor weighs in favor of granting leave to amend.

### 3. Will Intervenor be injured by denial of leave to amend?

Forcing Intervenor to file a second lawsuit in state court while simultaneously pursuing this lawsuit in federal court would be a waste of judicial resources, as well as the resources of all parties. *Hensgens*, 833 F.2d at 1182 (recognizing "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources"). Without making a definitive ruling on the existence of Massa's independent legal duty, the Court finds there is more than a scant chance of recovery against her, and thus prejudice will result from forcing Intervenor to file a second case in state court. *See Smith v. Robin Am., Inc.*, No. CIV.A. H-08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009) (finding this factor weighs against granting the motion to amend where there is scant chance that plaintiff could recover in state court).

Courts analyzing the prejudice factor under *Hensgens* sometimes look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." *Lowe*, 2010 WL 3359525, at *2 (citations omitted). Defendants argue that Intervenor will not suffer prejudice because they have the resources to satisfy a

judgment. ECF 19 at 8-9. Intervenor is not convinced and contends that existing Defendants do not have sufficient insurance coverage to satisfy a potential judgment. ECF 26 at 9-10. Intervenor argues that Massa may have insurance that could supplement the chances of recovery. *Id.* In addition, the absence of Massa may enable Defendants to point to Massa's "empty chair" and blame her negligence for K.F.'s death. Based on all of the above, the Court finds that the third *Hensgens* factor weighs in favor of granting leave to amend.

### 4. Do other factors bear on the equities?

Defendants contend that the Court should deny leave to amend to protect their interest in retaining the federal forum. *Hensgens* recognized this interest and created the four-factor test to ensure that courts gave particular scrutiny to an amendment after removal that defeats jurisdiction. *Hensgens*, 833 F.2d at 1182 (finding courts must weigh the prejudice of forcing a filing in state court with defendant's interest in a federal forum). *Hensgens* does not require that deference be given to Defendants choice of forum without regard to the other factors. The Court finds that there are no equities beyond those already considered that weigh on either side of the *Hensgens* balancing act.

### III.   Conclusion and Recommendation

After consideration of the *Hensgens* factors, the Court RECOMMENDS that Intervenor's Motion to Amend and Remand (ECF 11) be GRANTED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on April 20, 2026, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge